**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CENTER FOR INQUIRY, INC., ARTHUR BRATTENG, AND ERIC McCUTCHAN, | § | |
| Plaintiffs, | § | Civil Action No. __________________ |
| v. | § | JURY TRIAL DEMANDED |
| JOHN F. WARREN in his capacity as Clerk of Dallas County, Texas, | § | |
| Defendant. | § | |

---

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF A TEXAS STATUTE**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT

Plaintiffs Center for Inquiry, Inc. ("Center for Inquiry") Eric McCutchan, and Arthur Bratteng (collectively, "Plaintiffs"), by and through their attorneys, file this Original Complaint against John F. Warren in his capacity as Clerk of Dallas County, Texas ("Defendant"). In support of their Complaint, Plaintiffs allege as follows:

## I. PRELIMINARY STATEMENT

1. Texas Family Code Section 2.202 ("Section 2.202") specifies that marriages in Texas may be conducted only by a small number of secular officials and a large number of persons associated with religious organizations. Indeed, persons seeking to celebrate a secular marriage ceremony in Texas must either choose from a list of unfamiliar state and federal judges or forsake their secular philosophies and employ a religious celebrant. Additionally, persons who knowingly conduct a marriage ceremony in Texas without requisite authority are guilty of a criminal

offense—a Class A misdemeanor. The Plaintiffs in this case consist of an organization that is devoted to the pursuit of ethical alternatives to religion, as well as Eric McCutchan, and Arthur Bratteng, members of the organization who have been trained through the organization to conduct marriage ceremonies consistent with the organization's ideals and principles.

2.     However, such a ceremony cannot be lawfully and validly performed in Texas because Section 2.202 provides that only selected public officials and certain persons associated with religious groups can conduct marriage ceremonies.

3.     This statute is unconstitutional and appropriate injunctive and declaratory relief should issue.

## II.     PARTIES

4.     The Center for Inquiry, Inc. is a New York non-profit organization, authorized to do business in Texas, headquartered in the State of New York. The Center for Inquiry has over 30,000 members across the nation, including close to 1,000 members in Texas. The Center for Inquiry operates an active branch in Austin, Texas ("CFI Austin"), holding regular meetings and events for its members and others.

5.     Arthur Bratteng is a citizen of Texas, residing in Travis County. He is a secular celebrant certified with the Center for Inquiry, and currently serves as the Director of CFI Austin.

6.     Eric McCutchan is a citizen of Texas, residing in Dallas County. He is a secular celebrant who has been certified with the Center for Inquiry since 2015.

7.     John F. Warren is the duly elected Dallas County Clerk and is sued in his official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

## III. JURISDICTION, VENUE, AND CAUSE OF ACTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the U.S. Constitution.

9. Venue is proper in this district under 28 U.S.C. § 1391.

10. Declaratory relief is authorized by 28 U.S.C. § 2201 and § 2202 and by Fed. R. Civ. P. 57.

11. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

## IV. FACTS

12. Under Texas law, "[a] man and a woman desiring to enter into a ceremonial marriage must obtain a marriage license from the county clerk of any county" in the state. TEX. FAM. CODE ANN. § 2.001 (West 2015). The respective county clerk shall issue marriage licenses following proper execution of the application for a license under Sections 2.002 and 2.008. *Id.* § 2.009.

13. However, the issued marriage license expires unless a marriage ceremony is "conducted before the 90th day after the date the license is issued." *Id.* § 2.201. Therefore, an authorized person must conduct a marriage ceremony, solemnize the marriage, and return the license to the issuing county clerk, who "record[s] a returned marriage license and mail[s] the license to the address indicated on the application." *Id.* §§ 2.202–2.208.

14. Only an authorized person may conduct a marriage ceremony in Texas. *Id.* § 2.203. Section 2.202 provides:

> (a) The following persons are authorized to conduct a marriage ceremony:
> (1) a licensed or ordained Christian minister or priest;
> (2) a Jewish rabbi;

>  (3) a person who is an officer of a religious organization[1] and who is authorized by the organization to conduct a marriage ceremony;
>  (4) a justice of the supreme court, judge of the court of criminal appeals, justice of the courts of appeals, judge of the district, county, and probate courts, judge of the county courts at law, judge of the courts of domestic relations, judge of the juvenile courts, retired justice or judge of those courts, justice of the peace, retired justice of the peace, judge of a municipal court, retired judge of a municipal court, associate judge of a statutory probate court, retired associate judge of a statutory probate court, associate judge of a county court at law, retired associate judge of a county court at law, or judge or magistrate of a federal court of this state; and
>  (5) a retired judge or magistrate of a federal court of this state.

*Id.* § 2.202(a).

15. Ceremonies conducted by an unauthorized person affect the validity of a marriage unless three narrow circumstances apply. *See id.* § 2.302. Furthermore, a person who "knowingly conducts a marriage ceremony without authorization under [Section 2.202(a)]" commits a criminal offense that carries a punishment of up to a year in county jail and a fine of up to $4,000. *Id.* § 2.202(c).

16. The Center for Inquiry is a membership organization with over 30,000 members who have subscribed to its publications or donated to the organization. Of these members, approximately 1,000 are citizens of Texas. The Center for Inquiry operates branch organizations across the country, including in Texas. Both the national organization and the Texas branch engage in educational and social activities, including regular meetings for members.

17. The Center for Inquiry's mission is to foster a secular society based on reason, science, freedom of inquiry, and humanist values. Its vision is a world where people value evidence and critical thinking, where superstition and prejudice subside, and where science and compassion guide public policy.

---

[1] "Religious Organization" is not defined in the Texas Family Code. The term "religion" is defined as "the service and worship of God or the supernatural." *See Religion*, MERRIAM-WEBSTER (2018), http://www.merriam-webster.com/dictionary/religion.

18. Accordingly, the Center for Inquiry is an organization that is purely secular and maintains that scientific methods and reasoning should be utilized in examining the claims of religion. It maintains that religion is a human creation, but that there are basic human values or ethical principles that should govern human behavior and which express a commitment to improve human welfare in this world.

19. The Center for Inquiry promotes values often denominated as secular humanism. It also denies that a supernatural source is required for human life to have meaning, values, and ethics. Instead, the Center for Inquiry challenges persons to develop their own values, recognizing however, that the basic components of effective morality—integrity, trustworthiness, benevolence, and fairness—should be the universally recognized source of human values.

20. The Center for Inquiry offers a non-religious template that may guide persons in pursuing fulfilling and humane lives—lives that are rich intellectually, ethically, and emotionally—without reliance on religious faith. The Center for Inquiry therefore presents for its members and supporters a detailed and structured philosophy of life.

21. Arthur Bratteng is a certified secular celebrant with the Center for Inquiry. He currently serves as the Director of CFI Austin. Bratteng has been certified as a secular celebrant with the Center for Inquiry for five years. Bratteng wishes to solemnize marriages for those seeking a non-religious based marriage ceremony in Texas, but due to Texas's laws, cannot perform this service.

22. Eric McCutchan is a certified secular celebrant with the Center for Inquiry. McCutchan completed training as a secular celebrant in February 2015. McCutchan wishes to solemnize marriages for those seeking non-religious based marriage ceremonies in Texas, but due to the current laws, cannot perform this service in Texas.

23. The Center for Inquiry has members in Texas who would like to be married by a person who has completed the secular celebrant program and is authorized by the Center for Inquiry to solemnize marriages. Much like persons who wish to proclaim and reaffirm their religious faith in religious marriage ceremonies, these members wish to have a meaningful marriage ceremony that features an assertion of their philosophical and ethical views by having their marriage solemnized by a Center for Inquiry officiant who can help integrate their beliefs into the ceremony.

24. Additionally, non-members have requested that secular celebrants perform their weddings because the non-members do not desire to have religious weddings, but wish to have meaningful secular ceremonies.

25. A ceremony solemnized by secular elected officials is often not an acceptable alternative for any number of reasons, including: limitations on the time and place ceremonies may occur, the fact that religious concepts and language may be included in the ceremony contrary to the couple's desires, the fact that the couple does not want the governmental overtone that the elected official's presence carries, and that the official typically does not know the couple personally and therefore cannot construct a service which expresses the couple's values and personalities.

26. As an organization, the Center for Inquiry desires that its secular celebrants perform weddings for all those who request such weddings, both members and non-members. The Center for Inquiry believes this to be an important community service for persons desiring to have a meaningful but non-religious wedding. Moreover, having its secular celebrants perform marriages is an important way for the Center for Inquiry to assert, express, and publicize the organization's philosophical and ethical views.

27. Neither McCutchan, nor Bratteng, nor any other Center for Inquiry member in Texas who are certified secular celebrants is a person authorized to solemnize marriages pursuant Section 2.202 of the Texas Family Code.

28. McCutchan and Bratteng, and other Center for Inquiry members from Texas who are or may become certified secular celebrants are therefore prevented from solemnizing marriages in Texas.

29. McCutchan and Bratteng have been requested to officiate multiple weddings. CFI Austin has received multiple requests to provide secular celebrants to officiate at weddings. Both the certified celebrants and the organization have been required to inform these couples that while secular celebrants may officiate over the ceremony, they may not, under Texas law, solemnize the marriage itself, and the couple must therefore take an extra step to qualify as married in Texas.

30. The couples who request that McCutchan and Bratteng solemnize their marriages, or who request a secular celebrant from CFI Austin solemnize their marriages, are denied the wedding ceremony that would represent a meaningful expression of their life views and would reflect their philosophy.

31. At all times Defendant acted and failed to act under color of state law. Pursuant to Section 2.202, John F. Warren has not and will not record licenses returned by secular celebrants and other qualified officials that are not authorized to conduct marriage ceremonies, depriving Plaintiffs of rights secured by the U.S. Constitution.

32. Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

## V. LEGAL CLAIMS

### COUNT ONE
### Violation of the Establishment Clause of the U.S. Constitution

33. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

34. The Establishment Clause prohibits the government from making any law which constitutes an "establishment of religion." U.S. Const. amend. I.

35. Section 2.202, which allows all manner of religious leaders to conduct marriage ceremonies and allows persons of faith to be married by religious leaders of their choice while denying these opportunities to Plaintiffs, creates a preference for religion over non-religion in violation of the Establishment Clause of the First Amendment to the United States Constitution.

36. Further, Section 2.202 fails the *Lemon* test for Establishment Clause violations because the Act has no secular purpose, impermissibly endorses religion, and fosters excessive entanglement with religion. *Lemon v. Kurtzman*, 403 U.S. 602 (1971).

37. Section 2.202 allows people to be married by the religious leaders of their choice, while denying this opportunity to secular couples. This statute therefore denies rights secured by the First Amendment to:

a. The Center for Inquiry, for which the ability to perform such ceremonies is an important way of expressing to its members and the public its belief system;

b. McCutchan and Bratteng who desire to be able to conduct wedding ceremonies as secular celebrants as an expression of their philosophies and system of beliefs; and

c. Couples who desire to be married by a secular celebrant as a celebration of their life philosophies and beliefs.

38. This violation of the Establishment Clause of the First Amendment to the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

**COUNT TWO**
**Violation of the Equal Protection Clause of the U.S. Constitution**

39. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

40. The Equal Protection Clause of the Fourteenth Amendment provides that states may not "deny any person within [their] jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1.

41. Section 2.202 extends the right to officiate at weddings to religious leaders and allows persons of faith to be married by religious leaders of their choice while denying this same right to the Plaintiffs.

42. This statute denies rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to:

a. The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has members who desire to be married by its certified secular celebrants as well as having members who are certified secular celebrants;

b. Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating marriages, is not a religious celebrant; and

c. McCutchan and Bratteng, who are denied the ability to conduct wedding ceremonies in Texas, despite formal training, because they are not religious celebrants.

43. This violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

**COUNT THREE**
**Violation of Article VI of the Constitution**

44. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

45. Article VI of the U.S. Constitution states that "[N]o religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." U.S. Cons. art. VI, cl. 3.

46. Section 2.202 requires that a secular celebrant who does not hold a public office must profess a belief in god in order to solemnize a marriage under state law.

47. This is an unconstitutional religious test imposed upon secular celebrants.

48. This statute denies rights secured by Article VI of the U.S. Constitution to:

a. The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has members who desire to be married by its certified secular celebrants as well as having members who are certified secular celebrants;

b. Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating at marriages, is not a religious celebrant; and

c. McCutchan and Bratteng, who are denied the ability to celebrate weddings in Texas despite formal training, because they are not religious celebrants.

49. This violation of Article VI of the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

**COUNT FOUR**
**Violation of the Unconstitutional Conditions Doctrine**

50. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

51. Under the unconstitutional conditions doctrine, "a state actor cannot constitutionally condition the receipt of a benefit . . . on an agreement to refrain from exercising one's constitutional rights." *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1077 (6th Cir. 1994).

52. The government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." *Cornerstone Christian Schs. V. Univ. Interscholastic League*, 563 F.3d 127, 138 n.12 (5th Cir. 2009) (*citing Perry v. Sindermann*, 408 U.S. 593, 597 (1972)).

53. Section 2.202 authorizes the State to grant the authority to solemnize marriages to a limited number of qualified individuals. Secular celebrants are not included in that list precisely because they refuse to profess a belief in god.

54. The Government therefore provides a benefit – the ability to solemnize marriages – to those who profess religion.

55. Because Plaintiffs are unwilling to express a belief in religion, they are unable to obtain the same benefit. This violates the unconstitutional conditions doctrine and denies rights secured by the U.S. Constitution to:

    a. The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has members who desire to be married by its certified secular celebrants as well as having members who are certified secular celebrants;

    b. Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating at marriages, is not a religious celebrant; and

      c. McCutchan and Bratteng, who are denied the ability to celebrate weddings in Texas despite formal training, because they are not religious celebrants.

56. This violation of the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

**COUNT FIVE**
**Violation of the Federal Declaratory Judgement Act – 28 U.S.C. § 2202**

57. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

58. Plaintiffs request a declaration under the federal Declaratory Judgment Act that the provisions of Texas's marriage laws which preclude them and/or their membership from being able to solemnize marriages are unconstitutional.

59. Declaratory judgment should issue compelling John F. Warren, in his capacity as Clerk of Dallas County, Texas, to accept marriages solemnized by Eric McCutchan and Arthur Bratteng in their capacity as secular celebrants certified with the Center for Inquiry.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court:

A. Accept jurisdiction over this case and set it for hearing.

B. Pursuant to its power under the Declaratory Judgment Act, declare that Section 2.202 is unconstitutional and, for the reasons noted above, declare that marriages conducted by Center for Inquiry secular celebrants are valid even though secular celebrants are not among the entities or persons allowed to conduct marriages pursuant to that statute.

C. Enter a preliminary injunction, later to be made permanent, enjoining John F. Warren, in his capacity as Dallas County Clerk, from precluding secular celebrants like Eric McCutchan and Arthur Bratteng from conducting marriage ceremonies.

D. Issue a declaratory judgment compelling John F. Warren, in his capacity as Dallas County Clerk, to accept marriages conducted by Eric McCutchan and Arthur Bratteng in their capacity as secular celebrants certified with the Center for Inquiry.

E. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

F. Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: November 5, 2018

Dallas, Texas

Respectfully submitted,

*<u>/s/ M. Scott Barnard</u>*

M. Scott Barnard
Texas State Bar No. 24001690
sbarnard@akingump.com
Burke A. McDavid
Texas State Bar No. 24007643
Erin M. Brewer
Texas State Bar No. 24106963
erin.brewer@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100 Dallas, Texas
75201-4675 Telephone: (214) 969-2800
Facsimile: (214) 969-4343

ATTORNEYS FOR PLAINTIFFS